UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
THE NEW YORK TIMES COMPANY,                :

                        Plaintiff,                :

                      - against -                :     **COMPLAINT**

DEPARTMENT OF DEFENSE,                :

                      Defendant.                :
---------------------------------------------------------------X

       Plaintiff THE NEW YORK TIMES COMPANY, by its undersigned attorneys, alleges as follows:

       1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain an order for the production of agency records from Defendant Department of Defense ("DOD") in response to a request properly made by Plaintiff.

       2.     The FOIA request at issue in this action seeks the Trump Administration's rules governing the use of lethal force abroad, known as the "Principles, Standards, and Procedures," or "PSP."  These rules replace the Obama Administration's policies governing the use of lethal force abroad, known as the "Presidential Policy Guidance," or "PPG."

       3.     On Friday, January 3, 2020, Iran's top security and intelligence commander, Maj. Gen. Qassim Suleimani, was killed in a drone strike authorized by President Trump.  The strike marks President Trump's most significant use of military force to date.  Whether or not the PSP applied to this strike, the use of lethal force calls attention once again to the legal and policy principles that guide modern warfare.  Public access to the PSP will shed light on current U.S.

policy on the use of lethal force and whether and how that policy has changed since the Obama era.

## PARTIES

4.  Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com.  The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

5.  Defendant DOD is an agency of the federal government that has possession and control of the records that Plaintiff seeks.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7.  Venue is premised on Plaintiff's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

8.  Defendant DOD has failed to meet the statutory deadline set by FOIA. See 5 U.S.C. § 552(a)(6)(A)-(B).  Plaintiff is therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

9.  On October 7, 2019, The Times submitted a FOIA request to DOD, seeking access to "the document (including any annexes or appendices) in which President Trump laid out a revised set of principles, standards, and procedures for counterterrorism kill-or-capture operations, replacing the Obama-era 'Presidential Policy Guidance' rules."

10. On October 9, 2019, DOD acknowledged receipt of the request and assigned it case number 20-F-0039.  DOD stated that it would not be able to respond within the 20-day statutory deadline.

11. DOD has failed to respond to Plaintiff's FOIA request within the statutory time frame required under FOIA.

12. The Times had previously filed a complaint in this Court.  *See New York Times Co. et al. v. Dep't of Defense*, No. 18-cv-00709-ER (S.D.N.Y. Jan. 26, 2018), ECF No. 1.  That action was dismissed without prejudice on May 2, 2019.  *See id.*, ECF No. 15.

## COUNT ONE

13. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

14. Defendant DOD is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

15. DOD has failed to meet the statutory deadline set by FOIA.  *See* 5 U.S.C. § 552(a)(6)(A)-(B).  Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

16. DOD has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

17. Accordingly, Plaintiff is entitled to an order compelling DOD to produce records responsive to its FOIA request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

18. Declare that the documents sought by its FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

19. Order DOD to provide the requested documents to Plaintiff within 20 business days of the Court's order;

20. Award Plaintiff the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

21. Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 3, 2020

/s/ David E. McCraw
David E. McCraw
Alexandra Perloff-Giles
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiff*